# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KELLY L. COCKERHAM-POLK,
Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Agency.

DOCKET NUMBER
CH-0831-16-0332-I-1

DATE: October 6, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Kelly L. Cockerham-Polk, Des Moines, Iowa, pro se.

Sarah Murray, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2         The appellant filed an appeal on April 5, 2016, in which she asserted that she wants the money that was awarded to her in her divorce decree from her former husband.  Initial Appeal File (IAF), Tab 1.  The appellant included documentation showing she had filed a request with the Office of Personnel Management (OPM) requesting these funds, and that OPM issued an initial decision dated March 2, 2016, which denied her claim for a monthly survivor annuity under the Civil Service Retirement System.  *Id*.  OPM's initial decision specifically stated as follows:  "This represents the initial decision of [OPM].  If you wish to dispute our findings, you may request reconsideration."  IAF, Tab 1.

¶3         Because it appeared that the Board may not have jurisdiction over this appeal, the administrative judge issued an acknowledgment order on April 14, 2016, which ordered the appellant to file evidence and argument to prove that the action is within the Board's jurisdiction.  IAF, Tab 2.  The appellant did not respond.  OPM filed a response stating that it had not yet issued a reconsideration decision in this matter and thus requested that the appeal be dismissed for lack of jurisdiction.  IAF, Tab 4.  Based on OPM's response, the administrative judge

issued a show cause order dated May 4, 2016, which again ordered the appellant to show that OPM has issued a final decision in this matter. IAF, Tab 5. The appellant did not respond. Because there is no evidence that OPM has issued a final decision in this matter, the administrative judge issued a decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID).

¶4      Generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final decision. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table); 5 C.F.R. § 841.308. The Board, however, will take jurisdiction over a retirement-related appeal when OPM has refused or improperly failed to issue a final decision. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014); *McNeese*, 61 M.S.P.R. at 74. In such a case, the Board will consider the totality of the circumstances to find that OPM's failure to act on the matter itself constitutes an appealable administrative action affecting the appellant's rights under the Federal Employees Retirement System. *Okello*, 120 M.S.P.R. 498, ¶ 15; *see Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010) (finding that the Board will take jurisdiction, even absent an OPM reconsideration decision, when the appellant has repeatedly requested such a decision and the evidence indicates that OPM does not intend to issue one).

¶5      On review, the appellant asserts that she "is not asking for retirement benefits." Petition for Review (PFR) File, Tab 1. Rather, she asserts that she is seeking the $15,000 lump sum that she was awarded in her divorce decree. *Id*. However, the appellant has not alleged that she requested reconsideration and that she received a final or reconsideration decision from OPM, or that she made repeated requests for such a decision. Nor has the appellant submitted evidence that OPM issued a final decision, either on review or below. Accordingly, because there is no evidence that OPM has issued a final decision in this matter,

the appellant has shown no basis upon which to disturb the administrative judge's determination that the Board does not have jurisdiction over this appeal. *Id*.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.